GAUDIN, Judge.
Dessie Rae Tucker was convicted by a jury in the 24th Judicial District Court of the July 25, 1990 second degree murder of Linda Johnson. Tucker was sentenced to life imprisonment without benefit of parole, probation or suspension of sentence.
On appeal, Tucker contends that the trial judge erred (1) in denying her motion for a post-verdict judgment of acquittal and (2) in not reducing the verdict from second degree murder to manslaughter.
Tucker fatally stabbed Johnson after an altercation in a vacant lot in Kenner, Louisiana. Because all of the trial testimony showed Tucker as the aggressor, we affirm her conviction and sentence.
The state called four eyewitnesses, Betty Jean Fullilove, Judy Clark, Anthony Donel-son and the victim’s brother, Lawrence Taylor.
On the evening in question, approximately a dozen people had gathered on the vacant lot. Tucker arrived on her bicycle and immediately began to argue with Fulli-love and then with Johnson. Fullilove said that Tucker was loud and “... had been drinking very much.” Tucker, armed with a knife, circled behind Johnson, who was seated.
Fullilove said:
“Linda told her, get away from me Des-sie Rae. Don’t start with me.”
Tucker and Johnson had had a previous fight, approximately a year earlier. Johnson had cut Tucker with a broken soft drink bottle.
On the night of the fatal knifing, Tucker kept calling Johnson obscene names. Someone identified as “Dukie” handed Johnson a sheetrock knife but she handed it back, saying that she didn’t want it. Taylor testified that Tucker told Johnson:
“Well, she said, well bitch, you have got me once but you ain’t going to get me this time because I will kill your ass.”
Donelson testified that Johnson tried to avoid Tucker but that Tucker was intoxicated and mad. Donelson said that “... she (Tucker) had this animosity in her heart like she had a vendetta. She just wouldn’t go home. They asked her to go home, you know. Everybody asked her to go home, go on down the street. I asked her to go home. She wouldn’t leave. She kept on messing with the girl (Johnson), messing with the girl ...”
Someone gave Johnson a baseball bat (supposedly, the state contends, to protect herself with) and a fight ensued. In addition to the knife, Tucker had a 2 x 4 piece of lumber with a protruding nail. Johnson hit Tucker in the head with the bat. Tucker dropped the 2x4 but she cut and *1185 stabbed Johnson with the knife. Tucker was described as big, tough and strong. Johnson was much smaller. Donelson said Johnson was . slim, skinny, little thin legs, little bitty girl.”
Fullilove, Taylor, Donelson and Clark all said that Tucker stood over the fallen Johnson and said:
“I hope you die, bitch. I hope you die.”
One witness (Donelson) said that after Johnson struck Tucker with the bat, the stronger Tucker took the bat away and then started swinging the knife at Johnson.
Clark stated that Tucker told her:
“If you come over here, she said, I will whip your ass, too. She said, I will kill you, too.”
Donelson was asked, “Did Linda do anything to provoke that fight with Dessie Rae Tucker? His answer: “No,. Dessie Rae was doing the provoking.”
Second degree murder (LSA-R.S. 14:30.1) is the killing of a human being when the offender has a specific intent to kill or inflict great bodily harm. The crime can be reduced to manslaughter (LSA-R.S. 14:31) if the killing is committed in sudden passion or heat of blood immediately caused by provocation sufficient to deprive an average person of his self control and cool reflection.
Tucker’s initial argument to the trial judge after the guilty as charged verdict was handed down was that Tucker had acted in self-defense and should have been found not guilty. Tucker’s alternative plea was that, at best, the offense was manslaughter.
The trial judge rejected both contentions. Tucker did not testify nor did she call anyone in her behalf. While the four witnesses to the physical encounter described it slightly differently, all four testified that Tucker aggressively brought on the fight and that Johnson did not want trouble. LSA-R.S. 14:21 states:
“A person who is the aggressor or who brings on a difficulty cannot claim the right of self-defense unless he withdraws from the conflict in good faith and in such a manner that his adversary knows or should know that he desires to withdraw and discontinue the conflict.”
Tucker did not withdraw, from the time she arrived until Johnson was fatally stabbed. Tucker did not act in self-defense.
The jury could reasonably have found, beyond a reasonable doubt, that Tucker was the aggressor and that she did intend to kill or inflict great bodily harm, as required by LSA-R.S. 14:30.1.
AFFIRMED.